# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT TYLER CAMERON,<br><br>               Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO LIFT STAY AND DISMISS**<br><br>Civil No. 2:16-cv-00467-DN<br>Criminal No. 2:14-cr-00497-DN<br><br>District Judge David Nuffer |

The government seeks[1] to lift the stay of this case and dismiss Petitioner Robert Tyler Cameron's Motion to Correct Sentence Under 28 U.S.C. § 2255 (§ 2255 Motion)[2] or require that Mr. Cameron file a supplemental pleading.

Mr. Cameron initiated this case seeking to vacate his conviction for unlawfully using a firearm during, and in relation to, a crime of violence under 18 U.S.C. § 924(c) and to correct his sentence.[3] He argues[4] that his § 924(c) conviction must be vacated and his sentence corrected because the predicate crime of violence—his conviction for Hobbs Act Robbery under 18 U.S.C. § 1951—cannot be classified as a crime of violence following the Supreme Court's opinion in *Johnson v. United States*.[5]

---

[1] Motion to Lift Stay and Dismiss ("Motion"), docket no. 3, filed Oct. 24, 2018.

[2] Docket no. 1, filed June 2, 2016.

[3] *Id*.

[4] *Id*. at 2-3.

[5] 135 S.Ct. 2551 (2015).

Mr. Cameron's § 2255 Motion was a "summary motion"[6] that was automatically stayed pursuant to Utah District Court Standing Order 16-002 ("Standing Order").[7] A "summary motion" under the Standing Order is one that is "submitted without full briefing or argument on the merits . . . requiring supplementation at a later date to more fully explain the *Johnson* claim."[8] The objective was "to streamline the procedures, avoid unnecessary briefing and litigation, allow for the orderly development of precedent, and provide for judicial economy" in § 2255 cases involving *Johnson* claims.[9]

The government argues[10] that the stay of Mr. Cameron's § 2255 Motion should now be lifted because Tenth Circuit Court of Appeals[11] and several other circuits[12] have determined that Hobbs Act Robbery is categorically a crime of violence since the issuance of *Johnson*. Mr. Cameron acknowledges the Tenth Circuit has held that Hobbs Act Robbery qualifies as a crime of violence.[13] But he argues[14] the stay should not be lifted because a case[15] is currently pending before the Tenth Circuit which raises alternate arguments on the issue that the Tenth Circuit has

---

[6] § 2255 Motion at 3.

[7] *In re Case Management of § 2255 Motions to be Filed Pursuant to Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (2015)*, Standing Order 16-002 ("Standing Order") at 2-3 (D. Utah May 31, 2016).

[8] *Id.* at 2.

[9] *Id.* at 1.

[10] Motion at 2-3.

[11] *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064-66 (10th Cir. 2018); *United States v. Dubarry*, --- Fed. App'x ---, 2018 WL 3342275, *2 (10th Cir. July 9, 2018); *United States v. Rojas*, --- Fed. App'x ---, 2018 WL 4203379, *2 (10th Cir. Sept. 4, 2018).

[12] *United States v. Garcia-Ortiz*, 904 F.3d 102, 107 (1st Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Robinson*, 844 F.3d 137, 140-41, 150-51 (3d Cir. 2016) (Fuentes, concurring); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *In re St. Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016).

[13] Response to Government's Motion to Lift Stay and Dismiss ("Response") at 2, docket no. 5, filed Nov. 1, 2018.

[14] *Id.* at 2-5.

[15] *United States v. Toki*, Case No. 17-4153 (10th Cir.).

not definitively resolved. Alternatively, Mr. Cameron argues that he should be given opportunity to supplement his § 2255 Motion to more fully assert and address his *Johnson* claim.[16]

The procedure set by the Standing Order does not contemplate the government moving to lift the stay of a "summary motion" like Mr. Cameron's.[17] Nevertheless, Mr. Cameron acknowledges that the Tenth Circuit has held Hobbs Act Robbery is categorically a crime of violence.[18] The objective of the Standing Order[19] has been fulfilled because precedential rulings now exist which will assist the resolution of the issues in this case.[20] A pending case involving these issues, even if it could potentially lead to the Tenth Circuit reversing its prior holding, does not change this. There is always a possibility that a subsequent case may overturn existing precedent.

Therefore, it is appropriate to lift the stay on Mr. Cameron's § 2255 Motion. However, consistent with the Standing Order, Mr. Cameron will be given the opportunity to supplement his summary § 2255 Motion to more fully detail his *Johnson* claim.

---

[16] *Id*. at 5-6.

[17] Standing Order at 2-3.

[18] Response at 2.

[19] Standing Order at 1.

[20] *Melgar-Cabrera*, 892 F.3d at 1064-66.

**ORDER**

IT IS HEREBY ORDERED that the government's Motion[21] is GRANTED in part and DENIED in part. The stay of this case is lifted. Mr. Cameron shall file a supplement to his § 2255 Motion by no later than February 1, 2019. The government's response must be filed within 30 days after service of Mr. Cameron's supplement. And Mr. Cameron's reply must be filed within 15 days after service of the government's response.

Signed December 27, 2018.

BY THE COURT

David Nuffer
United States District Judge

---

[21] Docket no. 3, filed Oct. 24, 2018.