THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT TYLER CAMERON,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING § 2255 MOTION**<br><br>Case No. 2:16-cv-00467-DN<br>(Criminal No. 2:14-cr-00497-DN-1)<br><br>Senior District Judge David Nuffer |

Movant Robert Tyler Cameron seeks to vacate his conviction and sentence under 28 U.S.C. § 2255 ("Amended § 2255 Motion").[1] He argues[2] that his conviction for violation of 18 U.S.C. § 924(c) and sentence are unconstitutional in light of the Supreme Court's holding in *United States v. Davis.*[3] Specifically, Mr. Cameron argues that he is innocent of a violation of § 924(c) because his predicate offense of Hobbs Act Robbery does not qualify categorically as a crime of violence under § 924(c)(3).[4]

Because the Tenth Circuit Court of Appeals has held and repeatedly upheld that Hobbs Act Robbery is categorically a crime of violence under § 924(c)(3)(A), Mr. Cameron's Amended § 2255 Motion[5] is DENIED and DISMISSED with prejudice.

---

[1] Amended Motion to Vacate Pursuant to 28 U.S.C. § 2255 ("Amended § 2255 Motion"), docket no. 11, filed June 24, 2020.

[2] *Id*. at 1-3.

[3] 139 S. Ct. 2319 (2019).

[4] Amended § 2255 Motion at 2; Supplemental Memorandum in Support of Motion to Vacate Under § 2255 ("Supplemental Brief") at 2-7, docket no. 22, filed Apr. 21, 2022; Reply in Support of Motion to Vacate ("Reply") at 4-13, docket no. 24, filed June 10, 2022.

[5] Docket no. 11, filed June 24, 2020.

## BACKGROUND

On October 14, 2014, Mr. Cameron pleaded guilty to four counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and one count of unlawfully using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).[6] The predicate offense for Mr. Cameron's § 924(c) charge was his charge of Hobbs Act Robbery in Count 4.[7] Mr. Cameron was sentenced that same day to an agreed upon 240-month term of imprisonment[8] and 60 months of supervised release.[9] Mr. Cameron did not file a direct appeal.

Subsequently, on June 2, 2016, Mr. Cameron filed his § 2255 Motion[10] seeking relief based on the Supreme Court's holding in *Johnson v. United States*.[11] The case was automatically stayed under Standing Order 16-002 to "to streamline procedures, avoid unnecessary briefing and litigation, allow for the orderly development of precedent, and provide for judicial economy" for criminal defendants seeking relief under § 2255 based on *Johnson*.[12] The stay was lifted on December 27, 2018,[13] but later reinstated on February 28, 2019, to allow for further development of precedent specific to Mr. Cameron's conviction and sentence.[14]

---

[6] Minutes for Proceedings Held Before Judge David Nuffer ("Plea and Sentencing Hearing"), ECF no. 21 in *United States v. Cameron*, No. 2:14-cr-00497-DN (D. Utah) ("Criminal Case"), filed Oct. 14, 2014; Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) ("Plea Agreement"), ECF no. 23 in Criminal Case, filed Oct. 14, 2014.

[7] Felony Information at 3-4, ECF no. 19 in Criminal Case, filed Sept. 25, 2014.

[8] Plea Agreement ¶ 12.b. at 4.

[9] Plea and Sentencing Hearing; Judgment in a Criminal Case at 2-3, ECF no. 25 in Criminal Case, filed Oct. 27, 2014.

[10] Motion to Correct Sentence Under 28 U.S.C. § 2255 ("§ 2255 Motion"), docket no. 1, filed June 2, 2016.

[11] 576 U.S. 591 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), which defined a "violent felony" to include offenses that presented a "serious potential risk of physical injury to another," was unconstitutionally vague. *Id*. at 593-594, 606 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

[12] Standing Order 16-002 at 1, filed May 31, 2016.

[13] Memorandum Decision and Order Granting in Part and Denying in Part Motion to Lift Stay and Dismiss, docket no. 6, filed Dec. 27, 2018.

[14] Order Granting Motion to Stay, docket no. 10, filed Feb. 28, 2019.

On June 24, 2020, Mr. Cameron filed his Amended § 2255 Motion seeking relief based on the Supreme Court's holding in *United States v. Davis*.[15] The case's stay was then lifted on March 21, 2022, and the government was ordered to respond to the Amended § 2255 Motion.[16] Briefing on the Amended § 2255 Motion is now complete.[17]

## DISCUSSION

For all motions brought under 28 U.S.C. § 2255, "[u]nless the motion and files and records of the case conclusively show that the [movant] is entitled to no relief," notice of the motion must be provided to the government and a hearing must be held.[18] However, "[i]f it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [examining] judge must dismiss the motion and direct the clerk to notify the moving party."[19]

Under § 2255, a prisoner held in federal custody may move the district court to vacate, set aside, or correct the prisoner's sentence "upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . or is otherwise subject to collateral attack[.]"[20] But before the merits of a prisoner's claim may be addressed, the prisoner must

---

[15] 139 S. Ct. 2319 (2019). The amendment was necessitated by Tenth Circuit's holding that *Johnson* applies only to convictions under the residual clause of the Armed Career Criminals Act. *United States v. Greer*, 881 F.3d 1241, 1248 (10th Cir. 2018). In *Davis*, the Supreme Court relied on the analysis of *Johnson* to hold that residual clause of § 924(c), which defined a "crime of violence" to include offenses that presented a "substantial risk that physical force against the person or property of another may be used," was unconstitutionally vague. *Davis*, 139 S. Ct. at 2325-2327, 2336 (quoting 18 U.S.C. 924(c)(3)(B)).

[16] Order Lifting Stay and Requiring Response to Amended § 2255 Motion, docket no. 19, filed Mar. 2, 2022.

[17] Supplemental Brief; Opposition to Supplemental Memorandum in Support of Motion to Vacate Under § 2255 ("Response"), docket no. 23, filed May 4, 2022; Reply.

[18] 28 U.S.C. § 2255(b).

[19] Rules Governing Section 2255 Proceedings Rule 4(b).

[20] 28 U.S.C. § 2255(a).

"satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act [("AEDPA")]."[21] "The first of these barriers is timeliness."[22]

"Pursuant to AEDPA, post-conviction motions for habeas relief filed under § 2255 must be brought within one year of the date on which 'the judgment of conviction becomes final' or 'the right asserted [by petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'"[23]

Mr. Cameron argues that his Amended § 2255 Motion is timely because his initial § 2255 Motion was filed within one-year of the Supreme Court's opinion in *Johnson* and his Amended § 2255 Motion was filed within one-year of the Supreme Court's opinion in *Davis.*[24] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), which defined a "violent felony" to include offenses that presented a "serious potential risk of physical injury to another," was unconstitutionally vague.[25] And the Supreme Court later held that *Johnson* announced a new substantive rule that has retroactive effect on collateral review.[26]

In *Davis*, the Supreme Court held that imposing an increased sentence under 18 U.S.C. § 924(c)(3)(B) violates the Constitution's guarantee of due process.[27] This was because, like the similarly worded residual clause of the ACCA's definition of "violent felony," § 924(c)(3)(B)'s

---

[21] *Greer*, 881 F.3d at 1244.

[22] *Id.*

[23] *Id.* (quoting 28 U.S.C. § 2255(f)(1), (3)).

[24] Amended § 2255 Motion at 2-3; Reply at 1-4.

[25] *Johnson*, 576 U.S. at 593-594, 606 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).

[26] *Welch v. United States*, 578 U.S. 120 (2016).

[27] *Davis,* 139 S. Ct. at 2336.

definition of "crime of violence or drug trafficking crime" is unconstitutionally vague.[28] The Tenth Circuit Court of Appeals has since held that *Davis* "created a new substantive rule that is retroactively applicable on collateral review" under § 2255.[29]

Because *Johnson* and *Davis* created new substantive rules retroactively applicable on collateral review, Mr. Cameron could not have raised his arguments on a direct appeal of his October 2014 conviction and sentence. And because Mr. Cameron filed his § 2255 Motion and Amended § 2255 Motion within one-year of the Supreme Court's opinions in *Johnson* and *Davis*, respectively, his Amended § 2255 Motion is timely. Therefore, the merits of Mr. Cameron's Amended § 2255 Motion must be addressed.

Mr. Cameron argues that he is entitled to relief under § 2255 because *Davis* rendered the residual clause of § 924(c)(3)(B) unconstitutional and his predicate offense—Hobbs Act Robbery—does not qualify categorically as a crime of violence under the elements clause of § 924(c)(3)(A). Mr. Cameron's argument is contrary to binding Tenth Circuit precedent.

The elements clause of § 924(c)(3)(A) defines a "crime of violence" as "an offense that is a felony" and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"[30] "To determine whether a predicate crime constitutes a crime of violence under § 924(c), [courts] employ the categorical approach."[31] "Under the categorical approach, [courts] look only to the fact of conviction and the statutory definition of the prior offense . . . [to] consider whether the elements of the offense are of the type that would justify its inclusion as a crime of violence, without inquiring into the specific

---

[28] *Id.* at 2325-2327, 2336.

[29] *United States v. Bowen*, 936 F.3d 1091, 1095 (10th Cir. 2019).

[30] 18 U.S.C. § 924(c)(3)(A).

[31] *United States v. Melgar-Cabrera*, 852 F.3d 1053, 1060-1061 (10th Cir. 2018).

conduct of th[e] particular offender."[32] And "[i]n applying the categorical approach, . . . there must be a realistic probability not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence."[33]

The Hobbs Act makes it a crime to "obstruct[], delay[], or affect[] commerce" by "robbery or extortion."[34] "Robbery" is defined as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against [the person's] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to [the] person or property, or property in [the person's] custody or possession, or the person or property of a relative or member of [the person's] family or of anyone in [the person's] company at the time of the taking or obtaining.[35]

In *United States v. Melgar-Cabrera*, the Tenth Circuit held that "physical force as used in § 924(c)(3)(A) means *violent* force—that is, force capable of causing pain or injury to another person."[36] The Tenth Circuit also held that "Hobbs Act [R]obbery is [categorically] a crime of violence under the elements clause of § 924(c)(3)[(A)]."[37] The force element in Hobbs Act Robbery "can only be satisfied by violent force."[38] And "committing Hobbs Act [R]obbery by putting someone in fear of injury . . . necessarily constitute[s] the threatened use of physical force [even though] it can be done through indirect force[.]"[39]

Despite this holding, Mr. Cameron argues that relief under § 2255 is not foreclosed because *Melgar-Cabrera* did not address his specific argument, *i.e.*, that Hobbs Act Robbery

---

[32] *Id*. at 1061 (internal quotations and punctuation omitted).

[33] *Id*. (internal quotations omitted).

[34] 18 U.S.C. § 1951(a). "The Hobbs Act . . . is a divisible statute setting out two separate crimes—Hobbs Act [R]obbery and Hobbs Act [E]xtortion." *United States v. O'Connor*, 874 F.3d 1147, 1152 (10th Cir. 2017).

[35] 18 U.S.C. § 1951(b)(1).

[36] *Melgar-Cabrera*, 852 F.3d at 1064 (internal quotations omitted).

[37] *Id*. at 1060 n.4; *see also Id*. at 1061-1066.

[38] *Id*. at 1065.

[39] *Id*. at 1066.

cannot be categorically a crime of violence because it can be committed without physical force by causing fear of injury to intangible property.[40] Mr. Cameron is correct that *Melgar-Cabrera* did not address his precise argument. The Tenth Circuit acknowledged such in *United States v. Dubarry*.[41] But in *Dubarry*, the Tenth Circuit did address the argument, and rejected it.[42]

Like in *Dubarry*, Mr. Cameron cites to no binding precedent involving Hobbs Act Robbery to support his argument. He instead relies on case law involving Hobbs Act Extortion[43] and the Tenth Circuit's pattern jury instructions.[44] And also like *Dubarry*, "the cases he cites do not call into question *Melgar-Cabrera*'s holding that Hobbs Act [R]obbery is categorically a crime of violence."[45] Mr. Cameron does not present a realistic probability that Hobbs Act Robbery could be applied to conduct that does not constitute a crime of violence. Indeed, the Tenth Circuit has repeatedly upheld, favorably discussed, or declined to upset *Melgar-Cabrera*'s holding that Hobbs Act Robbery is categorically a crime of violence under § 924(c)(3)(A).[46]

Because the Tenth Circuit has held and repeatedly upheld that Hobbs Act Robbery is categorically a crime of violence under § 924(c)(3)(A), Mr. Cameron is not entitled to relief

---

[40] Supplemental Brief at 7-11; Reply at 4-7.

[41] 741 Fed. App'x 568, 570 (10th Cir. 2018).

[42] *Id*. The Tenth Circuit also noted that "several district courts" have also rejected the same argument. *Id*. (citing *United States v. McCallister*, No. 15-0171 (ABJ), 2016 WL 3072237, *8-9 (D.D.C. May 31, 2016); *United States v. Clarke*, 171 F. Supp. 3d 449, 453-454, n.6-5 (D. Md. 2016); *United States v. Hancock*, 168 F. Supp. 3d 817, 822-823, n. 3 (D. Md. 2016)).

[43] *Bowen*, 936 F.3d 1091.

[44] Supplemental Brief at 3-7; Reply at 8-13.

[45] *Dubarry*, 741 Fed. App'x at 570.

[46] *United States v. Toki*, 23 F.4th 1277, 1282 (10th Cir. 2022); *United States v. Jefferson*, 989 F.3d 1173, 1175 n.1 (10th Cir. 2021); *United States v. Hendrickson*, 831 Fed. App'x 421, 422-423 (10th Cir. 2020); *United States v. Toki*, 822 Fed. App'x 848, 853 (10th Cir. 2020); *United States v. Myers*, 786 Fed. App'x 161, 162 (10th Cir. 2019); *United States v. Rojas*, 748 Fed. App'x 777, 779 (10th Cir. 2018); *Durbarry*, 741 Fed. App'x at 570.

under § 2255. Therefore, Mr. Cameron's Amended § 2255 Motion[47] is DENIED and DISMISSED with prejudice.

## ORDER

IT IS HEREBY ORDERED that Mr. Cameron's Amended § 2255 Motion[48] is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, Mr. Cameron is DENIED a certificate of appealability.

The Clerk is directed to close the case.

Signed August 17, 2022.

BY THE COURT

David Nuffer
Senior United States District Judge

---

[47] Docket no. 11, filed June 24, 2020.

[48] Docket no. 11, filed June 24, 2020.